Dewey, J.
Ward and others sued Bradley, surviving partner of the firm of Bradley and Wells, in debt. The action is founded on a promissory note, dated August the 1st, 1836, executed by Bradley and Wells in the name of the firm, by which they promised to pay to the order of the firm of Wells, Van-dervoort & Co., a certain sum of money in twelve months. The declaration sets out the note, and avers a transfer of it by the payees to the plaintiffs on the day of its date. It also alleges that the note was made in New York, and payable there; that, by a statute of that State, (which is specially set forth), promissory notes payable to any person, or order, are governed' by the law-merchant like inland bills of exchange. The defendant pleaded, 1, Nil debet; 2, That on the 17th of February, 1837, and before the indorsement of the note to the plaintiffs, Wells and Bradley executed to Wells, Vandervoort & Co., other promissory notes, which they received and accepted in full satisfaction *and payment of the note which is the foundation of the suit. To this plea the plaintiffs demurred generally, and the Court sustained the demurrer. On the trial of the general issue there was judgment for the plaintiffs.
It is contended that the Circuit Court erred in sustaining the demurrer.
The contract alleged in the declaration having been made in New York, where it was also payable, must be subject to the law of that State. The demurrer admits the prevalence of the law-merchant in New York in reference to promissory notes like the one in question. .It is a well settled rule of that law, that the bona fide holder for value of negotiable paper, transferred to him. before maturity, can not be affected by the prior transactions of the original parties, unless the instrument be void at its inception. A note, negotiable by the law-merchant indorsed before it is payable, though it may have been previously paid, is a valid instrument in the hands of a fair holder for a valuable consideration: such payment can not be set up by the maker in defense of an action against him brought by *203 an indorsee without notice. Burbridge v. Manners, 3 Campb., 193; Chitt. on Bills, 242; Bayley on Bills, 144; Dodd v. Edwards, 2 C. & P., 602.
J. Pettit, for the plaintiff.
A. Ingram and Z. Baird, for the defendants.
The plea under consideration alleges that the note described in the declaration, was paid or satisfied by the makers to the payees before they indorsed it to the plaintiffs; but it shows that the payment or satisfaction was made before maturity, and it does not allege notice of the payment to the plaintiffs. This omission is fatal even allowing the plea to be good in other respects. The demurrer was correctly sustained.
It is also contended that on the trial of the general issue, the plaintiffs failed to prove the death of Wells, one of the partners who made the note; and that, therefore, there should have been a nonsuit. We think the evidence sufficient to establish the death of Wells; but were the fact not so, it could not avail the plain tiff in error. That a joint contractor is omitted as a defendant, though the record show the cause of action to be joint, is no ground of a nonsuit; nor would proof of the omission, if it should not appear by the record, bar the action under the general issue. South v. *Tanner, 2 Taunt., 254; Dillon v. The State Bank, November term, 1841.(1)
Per Curiam.—The judgment is affirmed, with 2 per cent. damages and costs.

 Ante, p. 5; Wilson v. The State, post.